IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JAIRUS COLLINS**                                                                                   **PETITIONER**

**v.**                                                          **CIVIL ACTION NO. 2:18-cv-219-TBM-LGI**

**PELICIA G. HALL,**
*Mississippi Department of*
*Corrections*                                                                            **RESPONDENT**

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Jairus Collins was convicted of deliberate design murder and sentenced to life imprisonment without parole as a habitual offender. Collins seeks habeas relief, claiming that the State failed to meet its burden of proof at trial, that the State failed to prove the corpus delicti (or body of the crime), that future retrial is barred by the Double Jeopardy Clause, and that his sentence as a habitual offender is unconstitutional. Magistrate Judge LaKeysha Greer Isaac entered a Report and Recommendation [9] finding that habeas relief should be denied. Collins objected, but only to Magistrate Judge Isaac's recommendations relating to Grounds One and Two. [10]. After thoroughly reviewing the record, the pleadings, Magistrate Judge Isaac's recommendations, and Collins' Objections, the Court finds that no habeas relief is warranted. Collins' objection to Ground One merely reurges the arguments he made in his Petition and Rebuttal [6], and does not merit *de novo* review. With respect to Ground Two, Collins argues that Magistrate Judge Isaac erred in finding that a corpus delicti claim is not cognizable on habeas review; but, even if Collins is correct, no relief should be granted because the State provided sufficient evidence of the corpus delicti.

## I. FACTUAL BACKGROUND

The following facts are taken from the record of Collins' 2016 trial. On December 9, 2011, a teacher called 911 to report a homeless person sleeping near a school in Hattiesburg, Mississippi. [5-2], pg. 91. Police officers arrived and discovered that the homeless person was actually the dead body of Ebony Jenkins. [5-3], pp. 20-21. A medical examiner determined that her cause of death was two gunshot wounds. [5-4], pp. 39-41. At trial, the medical examiner testified that one bullet entered through her right, upper back and exited through her neck, and the other bullet entered through her left back and exited through her chest. *Id.* at 39-40. Police also found a .40 caliber shell casing near her body. *Id.* at 24. The medical examiner testified that the victim died sometime between December 7, 2011, and December 9, 2011. *Id.* at 43-44, 52.

A man who lived nearby testified that he heard three gunshots. [5-2], pg. 101. He looked out of his window and saw someone who appeared to be about five feet and eight inches tall, of medium build, and wearing a dark gray or blue hoodie fleeing the area. *Id.* at pp. 103-04, 106. Collins' brother, who testified as a hostile witness, explained that Collins knew the victim. [5-3], pp. 85-87. He also testified that on December 7, 2011, Collins showed up at his brother's apartment seeming distraught. *Id.* at 61-62, 79. Collins' brother initially told the police that Collins was wearing a gray hoodie when he arrived, but at trial he claimed the police forced him to say that. *Id.* at 79.

Collins' brother also testified that Collins called him that night from his sister's phone. *Id.* at 78. Collins' sister testified that Collins used her phone "all the time." [5-2], pp. 116-18. The police pulled the victim's phone records and discovered that ten calls were made from Collins'

2

sister's phone to the victim on the night of December 7, 2011, between 9:58 p.m. and 10:54 p.m. [5-3], pp. 108-09.

Another witness testified that three weeks before the victim's death, the witness gave Collins his .40 caliber Hi-Point pistol to fix a jamming problem. *Id.* at 7. The witness explained that Collins' brother told him that Collins could repair it. *Id.* Collins never returned the gun. *Id.* at 8. Collins' father testified that around the time of the murder, Collins and his brother came to their father's home with a bag. *Id.* at 42-43. Collins' father claimed that he never looked inside the bag, though he did pick it up and described it as "weighty." *Id.* at 47, 50. Collins' father testified that his "parental instinct" kicked in, and he told them that "whatever this is, you need to get it away from my house." *Id.* at 43. Collins' brother testified that after they left their father's house, they drove up Highway 59, ostensibly to meet Collins' girlfriend in Quitman, Mississippi. *Id.* at 65-66. At some point they stopped, and Collins got out of the vehicle, "probably" to "dispose of" the bag. *Id.* at 66. Collins and his brother never actually made it to Quitman, because—Collins' brother testified—their parents needed their vehicle. *Id.* Later, Collins' brother led the police to the place in the woods where Collins had stopped, and the police recovered a plastic bag with a gray hoodie and a .40 Caliber Hi-Point pistol inside. *Id.* at 110; [5-4], pg. 20.

The witness who observed a man fleeing the scene in a dark hoodie testified that the hoodie police recovered with the gun was "similar" to the hoodie he saw the night of the murder. [5-2], pg. 104. The witness who gave Collins his gun identified the .40 caliber pistol recovered by the police as the same gun. [5-3], pg. 8. The State also introduced the witness' receipt for the purchase of the gun, which showed it had the same serial number as the gun found in the woods. *Id.* at 5-6, 18. Additionally, a forensic expert testified that the .40 caliber shell casing recovered near the

3

victim's body was fired from the same Hi-Point pistol. [5-4], pg. 22. Based on these facts, the jury found Collins guilty of deliberate design murder.

## II. PROCEDURAL HISTORY

Collins was originally indicted for murder and being a felon in possession of a firearm in 2012. The two charges were severed, and Collins was convicted for both. The Mississippi Court of Appeals affirmed both convictions.[1] *Collins v. State*, 172 So. 3d 813 (Miss. Ct. App. 2014), *rev'd*, 172 So. 3d 724 (Miss. 2015); *Collins v. State*, 232 So. 3d 739 (Miss. Ct. App. 2017). But, the Mississippi Supreme Court reversed Collins' murder conviction, holding that the trial court (1) should have suppressed Collins' statements that he made to police after invoking his right to counsel and (2) should have prevented a detective from offering an expert opinion on cell phone location technology. *Collins v. State*, 172 So. 3d 724, 744 (Miss. 2015). Collins was tried for murder again in 2016, and the jury once again convicted him. Collins was sentenced to life imprisonment without parole under Mississippi's habitual offender statute. *See* MISS. CODE ANN. § 99-19-83. The instant habeas petition arises from this second murder conviction.

Collins appealed his 2016 murder conviction to the Mississippi Court of Appeals, raising the same issues presented in his habeas Petition. The Court of Appeals affirmed. *Collins v. State*, No. 2016-KA-01002-COA, 2016 WL 10515862 (Miss. Ct. App. May 12, 2016). Collins' petition for certiorari was denied by the Mississippi Supreme Court. *Collins v. State*, 250 So. 3d 1267 (Miss. 2018). Collins also filed a motion for post-conviction relief raising the same issues, which the

---

[1] Collins also filed a separate habeas petition in this Court challenging his felon-in-possession conviction. The Court denied that petition as well. *Collins v. Commissioner*, No. 2:18-cv-46-TBM, 2021 WL 4316952 (S.D. Miss. Sep. 22, 2021).

Mississippi Supreme Court denied without discussion. *Collins v. State*, No. 2017-M-01676 (Miss. Oct. 12, 2018).

Collins filed the present Petition [1] for Writ of Habeas Corpus in this Court on December 18, 2018. He raised the following four grounds for relief:

1. The State failed to meet its burden of proof, and Collins' conviction is against the great weight of the evidence.
2. The State failed to prove the corpus delicti.
3. Collins' retrial is barred by the Double Jeopardy Clause.
4. Collins' sentence as a habitual offender is unconstitutional.

Magistrate Judge Isaac entered a Report and Recommendation [9] recommending that Collins' petition be denied. Collins timely filed Objections [10] to the Report and Recommendation's findings on Grounds One and Two.

### III. STANDARD OF REVIEW

It is well-settled that "[p]arties filing objections must specifically identify those findings objected to." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (alteration in original) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). The Court must review any objected-to portions of a report and recommendation *de novo*. Such a review means that the Court will consider the record that has been developed before the Magistrate Judge and make its own determination on the basis of that record. *United States v. Raddatz*, 447 U.S. 667, 675, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980). The Court need not consider frivolous, conclusive, or general objections. *Johansson v. King*, No. 5:14-cv-96-DCB, 2015 WL 5089782, at *2 (S.D. Miss. Aug. 27, 2015) (citing *Battle*, 834 F.2d at 421). Additionally, "[m]erely reurging the allegations in the petition or attacking the underlying conviction is insufficient to receive *de novo* review." *Id.* When a *de novo* review is not warranted, the Court need only review the findings and recommendation

and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Collins has filed objections to Magistrate Judge Isaac's findings on Grounds One and Two of Collins' Petition. But, as will be shown, Collins' objection to Ground One merely reurges the arguments he made before the Report and Recommendation was entered. Thus, the Court will review Collins' objection to Ground One for clear error or being contrary to law, and his objection to Ground Two *de novo*. He did not object to Magistrate Judge Isaac's findings on Grounds Three and Four. The Court will review Magistrate Judge Isaac's determinations of Grounds Three and Four for clear error or being contrary to law.

A writ of habeas corpus by a state prisoner who has exhausted his state-law remedies will only be granted if the state court's adjudication of the merits of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "A state court's decision is contrary to clearly established federal law if it 'applies a rule that contradicts the governing law set forth' in Supreme Court cases or 'if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent.'" *Fields v. Thaler*, 588 F.3d 270, 273 (5th Cir. 2009) (alteration in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000)). "A state court's decision constitutes an 'unreasonable application' of clearly established Federal law, as determined by the Supreme Court, if the state court correctly identifies the governing legal principle from [Supreme

Court] decisions but unreasonably applies it to the facts of the particular case." *Horn v. Quarterman*, 508 F.3d 306, 312 (5th Cir. 2007) (alteration in original) (internal quotations omitted). "[T]he state court's factual findings are 'presumed to be correct' unless the applicant rebuts this presumption with 'clear and convincing evidence.'" *Vollmer v. Davis*, 673 F. App'x 406, 410 (5th Cir. 2016) (quoting 28 U.S.C. § 2254(e)(1)).

Courts may not use federal habeas review to "second-guess the reasonable decisions of state courts." *Parker v. Matthews*, 567 U.S. 37, 38, 132 S. Ct. 2148, 183 L. Ed. 2d 32 (2012) (quoting *Renico v. Lett*, 559 U.S. 766, 779, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)). Thus, even if the habeas court "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly," it may not issue the writ unless it also finds that the state court's actions were unreasonable. *Roberts v. Thaler*, 681 F.3d 597, 604 (5th Cir. 2012) (quoting *Williams*, 529 U.S. 36 at 411). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011).

## IV. DISCUSSION

### 1. Ground One: Weight and Sufficiency of the Evidence

Collins claims that the evidence presented at trial was insufficient to support his conviction, or, alternatively, that he was convicted against the overwhelming weight of the evidence. Magistrate Judge Isaac noted that weight of the evidence claims are not cognizable on habeas review. Collins does not object to her finding in this regard, and it is without clear error and not contrary to law. "[T]he weight of the evidence is the exclusive province of the jury." *Hebert v. Rogers*, 890 F.3d 213, 225 (5th Cir. 2018) (quoting *United States v. Garcia*, 995 F.2d 556, 561 (5th

7

Cir. 1993)). Thus, courts have long recognized that the weight of the evidence may not be challenged by habeas. *Johnson v. Streeter*, No. 2:12-cv-62-MPM, 2012 WL 3683392, at *8 (N.D. Miss. Aug. 24, 2012) (quoting *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985)); *see also Lewis v. Mississippi*, No. 3:19-cv-120-MPM, 2021 WL 1988200, at *12 (N.D. Miss. May 18, 2021) (collecting cases).

A challenge to the sufficiency of the evidence, on the other hand, is cognizable on habeas review and is referred to as a *Jackson* claim. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). A federal court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. The Supreme Court has explained as follows:

> *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury. And second, on habeas review, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was objectively unreasonable.

*Coleman v. Johnson*, 566 U.S. 650, 651, 132 S. Ct. 2060, 182 L. Ed. 2d 978 (2012) (internal quotations and citations omitted). A federal court may consider "whether the inferences drawn by a jury were rational, as opposed to being speculative or insupportable, and whether the evidence is sufficient to establish every element of the crime." *United States v. Vargas-Ocampo*, 747 F.3d 299, 302 (5th Cir. 2014). But, "a reviewing court . . . 'must presume . . . that the trier of fact resolved

8

any such conflicts in favor of the prosecution, and must defer to that resolution.'" *Cavazos v. Smith*, 565 U.S. 1, 6, 132 S. Ct. 2, 181 L. Ed. 2d 311 (2011) (quoting *Jackson*, 443 U.S. at 326).

Examining the sufficiency of the evidence, the Mississippi Court of Appeals held: "Considering the evidence in the light most favorable to the State, we find that there was sufficient evidence to convict Collins of Jenkins's murder." *Collins v. State*, No. 2016-KA-01002-COA, 2016 WL 10515862, at *2 (Miss. Ct. App. May 12, 2016). Magistrate Judge Isaac found that this resolution was not contrary to, nor an unreasonable application of, the applicable constitutional law. Collins objects, arguing that "[t]he United States Magistrate Judge makes no independent determination as to whether or not the application of law by the Mississippi Court of Appeals to the facts in this case is or is not objectionably unreasonable." [10], pg. 2. Further, Collins argues that Magistrate Judge Isaac failed to consider the following factors:

1. That the medical examiner testified that the victim died on December 8, 2011, rather than December 7, 2011, which Collins claims in an essential element to the State's case against him.
2. That a witness testified the murderer was of medium build and medium height, whereas Collins is of slight build and five feet and five inches tall.
3. There were no identifiable fingerprints on the murder weapon, and scant other evidence that Collins possessed the weapon.

Collins made identical arguments in his habeas Petition. Moreover, despite Collins' assertion otherwise, Magistrate Judge Isaac did make an independent determination of whether the Mississippi Court of Appeals' decision was contrary to, or an unreasonable application of, the applicable constitutional law. After quoting relevant portions of the Mississippi Court of Appeals' discussion, the Report and Recommendation explains:

> Under our limited AEDPA review, the state court's rejection of Collins's sufficiency-of-the-evidence claim was neither contrary to, nor an unreasonable application of, *Jackson*. On the contrary, the jury's construction of the evidence was reasonable, and its resulting decision to find Collins guilty of deliberate-design

> murder beyond a reasonable doubt under Mississippi law was rational. The jury was presented with sufficient evidence from which it could reasonably infer that Collins was still in possession of the gun on December 7, 2011; that he used that gun (after scratching off the serial number and wrapping the handle in tape) to kill the victim on or around that date; that he was the individual seen running from the crime scene; and, that he disposed of the gun after wiping his fingerprints in attempt to hide evidence of the crime. Collins's claim that the State presented contradictory evidence concerning the victim's date of death is belied by the record. Consistent with the indictment, the medical examiner testified that the date of death was between December 7, 2011 (when cell phone records reflect that she last communicated with Collins) and December 9, 2011 (when her body was discovered).
>
> To the extent Collins argues that circumstantial evidence alone cannot satisfy the standard set forth in *Jackson*, the argument is unavailing. The "court looks to both direct and circumstantial evidence in resolving the question of sufficiency of the evidence underlying the conviction." *See, e.g., Taylor v. Scott*, 48 F.3d 529 (5th Cir. 1995) ("[A] sufficiency-of-the-evidence claim may be resolved based on circumstantial evidence."); *Williams v. Scott*, 39 F.3d 320 (5th Cir. 1994) ("[T]he evidence may be sufficient even though entirely circumstantial."); *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir. 1990); *Pate v. Wainwright*, 607 F.2d 669, 670 (5th Cir. 1979). Further, "it is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt. A jury is free to choose among reasonable constructions of the evidence." *United States v. Layne*, 43 F.3d 127, 130 (5th Cir. 1995) (internal marks omitted). The evidence in this case, though circumstantial, was sufficient to support the jury's verdict, and Collins has presented nothing in his habeas petition to overcome the deference afforded the state court's decision. *Knight v. Banks*, No. 20-60226, 2021 WL 4301264, at *2 (5th Cir. May 19, 2021) ("Moreover, when a state prisoner presents an insufficiency-of-the-evidence claim in federal habeas, the court must apply this standard of review through the doubly deferential lens of the relitigation bar found in 28 U.S.C. § 2254(d)(1)."). No relief is warranted on this claim.

[9], pp. 12-13 (internal footnote omitted).

Magistrate Judge Isaac thoroughly reviewed Collins' sufficiency-of-the-evidence-claim. Collins complains that the Report and Recommendation did not adequately consider his arguments, but he simply repeats the arguments of his petition almost verbatim. "[M]erely reurging arguments contained in the original petition are not to be considered factual objections." *Flores v. United States*, No. PE: 08-cr-234(3), 2014 WL 12721925, at *6 (W.D. Tex. Aug. 26, 2014)

10

(citing *Edmond v. Collins*, 8 F.3d 290, 295, n.7 (5th Cir. 1993)). Yet while the majority of the arguments Collins makes in this objection are identical to those made in his Petition, Collins does make some additional arguments regarding the medical examiner's testimony of the victim's date of death that did not appear in his original Petition. *See* 10, pg. 3. However, these additional arguments are taken almost word-for-word from his Rebuttal in support of his habeas Petition. *See* [6], pp. 3-4. Magistrate Judge Isaac thus had those arguments on the record before her when she entered her Report and Recommendation.[2] Accordingly, Collins' objection to Magistrate Judge Isaac's finding regarding Ground One of his Petition does not merit a *de novo* review. *See Cornelious v. Steifer*, No. 6:20-cv-621-JDK, 2021 WL 4439561, at *1 (E.D. Tex. Sep. 28, 2021) ("[O]bjections that simply rehash or mirror the underlying claims addressed in the Report are not sufficient to entitle the party to de novo review."). Moreover, the Report and Recommendation's findings relating to Ground One are without clear error and not contrary to law.[3] Collins' objection to the Report and Recommendation's determination of Ground One is overruled. Ground One is denied.

**2. Ground Two: The Corpus Delicti**

In Ground Two, Collins claims that the State did not meet its burden to prove the corpus delicti. The "corpus delicti" is "the body or substance of the crime." *Cotton v. State*, 675 So. 2d 308, 313 (Miss. 1996). To show that a crime has been committed, the State must prove beyond a reasonable doubt: "(1) the existence of a certain act or result forming the basis of a criminal charge and (2) the existence of criminal agency as the cause of this act or result." *Id.* (citing *Poole v. State*,

---

[2] Moreover, Collins' contention that Dr. Mark LeVaughn testified that the date of the victim's death was not December 7, but December 8, 2011, is wrong. The trial record reveals that Dr. LeVaughn actually testified that December 7, 2011, was within the time-of-death range. [5-4], pp. 43-44, 52.

[3] Additionally, for the reasons stated above, even under a *de novo* review Collins' first ground for habeas relief would fail.

150 So. 2d 429, 431 (Miss. 1963)). "To establish the corpus delicti in a homicide case, there must be proof of (1) death of a human being and (2) a criminal agency causing that death." *Hodge v. State*, 823 So. 2d 1162, 1165 (Miss. 2002) (citing *Nelson v. State*, 722 So. 2d 656, 660 (Miss. 1998)). Collins does not contest that the State proved the death of a human being. [1], pg. 7. He instead argues that the State failed to establish the criminal agency causing the victim's death.

The Mississippi Court of Appeals found that the medical examiner's testimony establishing bullet wounds as the cause of the victim's death satisfied the second element of the corpus delicti. *Collins*, 2016 WL 10515862, at *3-4. Magistrate Judge Isaac, in turn, found that a state's corpus delicti rule does not implicate federal constitutional law. Magistrate Judge Isaac also determined that even if his corpus delicti claim is cognizable on habeas review, it fails on the merits. Collins objects, arguing that under *Fiore v. White*, 531 U.S. 225, 121 S. Ct. 712, 148 L. Ed. 2d 629 (2001) and *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), the United States Constitution requires that the State prove the corpus delicti beyond a reasonable doubt. The Court shall review Collins' objection to Ground Two *de novo*.

"[T]he Due Process Clause of the Fourteenth Amendment forbids a State to convict a person of a crime without proving the elements of that crime beyond a reasonable doubt." *Fiore*, 531 U.S. at 228-29. In Mississippi, the corpus delicti must be proven to convict someone of a criminal offense. *See Bullock v. State*, 447 So. 2d 1284, 1286 (Miss. 1984) ("In meeting this burden [proving beyond a reasonable doubt each element of the offense charged], the State must prove the corpus delicti or body of the crime by showing that the crime charged did in fact occur."). Thus—Collins argues—because the corpus delicti is an element of murder in Mississippi, the Due Process Clause requires the State prove the corpus delicti beyond a reasonable doubt.

12

Recommending that Collins' corpus delicti claim be denied, Magistrate Judge Isaac cited Fifth Circuit caselaw suggesting that that a corpus delicti claim is *not* cognizable on habeas review. *See Autry v. Estelle*, 706 F.2d 1394, 1407 (5th Cir. 1983) ("Such a state rule of 'corpus delecti' has no independent constitutional footing."); *Lucas v. Johnson*, 132 F.3d 1069, 1078 (5th Cir. 1998) ("Texas' corpus delicti requirement is not constitutionally mandated."); *West v. Johnson*, 92 F.3d 1385, 1393-94 (5th Cir. 1996) ("[Petitioner] cites no authority for the proposition that application of [the corpus delicti] rule is constitutionally mandated in a *Jackson v. Virginia* analysis."); *Lemons v. Cain*, 339 F. App'x 494, 497 (5th Cir. 2009) ("Louisiana's corpus delicti requirement is not constitutionally mandated."). Collins argues that these cases are distinguishable because, while using the term "corpus delicti," the Fifth Circuit is actually referring to a separate state-law rule.

This separate state-law rule that Collins points to governs how the corpus delicti can be proven. Mississippi "long ago made the policy determination that it would reduce to a minimum the risk that a person might be convicted of a crime that was never committed." *Bullock*, 447 So. 2d at 1286. Thus, "to avoid convicting a person solely out of his own mouth" the state has decided that "extra judicial admissions, declarations or confessions of accused are not of themselves sufficient to establish the *corpus delicti*." *Id.* (quoting *Rhone v. State*, 254 So. 2d 750, 753 (Miss. 1971); *Poole*, 150 So. 2d at 431). A majority of states have adopted the same rule. *See* E.H. Schopler, Annotation, *Corroboration of Extrajudicial Confession or Admission*, 45 A.L.R.2d 1316 § 2 (1956) (footnotes omitted) ("Excepting for a few jurisdictions, it is well settled in this country that a naked extrajudicial confession or an incriminatory admission, if uncorroborated by any other evidence, is not sufficient to warrant or sustain conviction.").

Collins argues that a close inspection of the Fifth Circuit cases cited by Magistrate Judge Isaac reveals they hold only that the latter independent corroboration rule—that the state cannot prove the corpus delicti based solely upon the defendant's confession—rather than the former rule—that the state must prove the death of a human being and criminal agency causing that death—is not cognizable on habeas review.[4] In other words, Collins claims that "corpus delicti" can refer to two separate rules of law, and that while the Fifth Circuit has found that one corpus delicti rule is a matter of state law not cognizable on habeas, the Fifth Circuit has not declared his criminal agency corpus delicti claim to be incognizable.[5]

However, the Court does not have to decide this issue today. The problem for Collins is that even assuming that his corpus delicti claim is cognizable on habeas review, his claim fails on its merits. The State presented sufficient evidence to prove criminal agency. The medical examiner testified that the victim's cause of death was multiple gunshot wounds. [5-4], pg. 41. The medical

---

[4] The Fifth Circuit cases cited by Magistrate Judge Isaac indeed discuss arguments surrounding the independent corroboration of the corpus delicti rule. In *Autry*, the petitioner argued that the State failed to show any independent evidence that he committed an offense outside of his statements to others. *Autry*, 706 F.3d at 1407. The Fifth Circuit responded to the same arguments from habeas petitioners who confessed to their crimes in *Lucas*, 132 F.3d at 1078; *Johnson*, 92 F.3d at 1393-94; and *Lemons*, 339 F. App'x at 496-97.

[5] Discussing the distinction between the two corpus delicti rules in similar circumstances, a Nevada district court explained:

> A number of the decisions concern a distinct state law principle—which is not involved on this claim—that a conviction may not be based solely upon a confession by the defendant without corroborating evidence. Merely because this distinct principle also employs the Latin phrase corpus delicti does not make either this distinct principle or the cited cases apposite or relevant to the issue presented in this case. In this case, the corpus delicti rule at issue is one that requires that the State prove the fundamental and elemental facts that the victim died and did so by criminal agency. The rule addressed in the cited cases, in contrast, instead places a limitation on the manner in which the State may prove the elements of an offense and/or on the admissibility of evidence, by providing that the State may not prove the elements of an offense based solely upon a confession without corroborating evidence. Any decision holding that a violation of such a rule "of corpus delicti" presents only a state law issue without constitutional import has no bearing on the present issue.

*West v. Foster*, No. 2:07-cv-00021-KJDGWF, 2009 WL 1111175, at *2 (D. Nev. Apr. 20, 2009).

examiner testified in detail on the trajectory and path of the two bullets that killed the victim. *Id.* at 39-41. The Mississippi Court of Appeals determined this evidence to be sufficient proof of criminal agency. *See Hodge*, 823 So. 2d at 1165–66 (quoting *Caldwell v. State*, 347 So. 2d 1389, 1390 (Miss. 1977)) ("[E]vidence of trajectory and path of a bullet 'causes us to conclude that the evidence and reasonable inferences which the jury was justified in drawing from the testimony sufficiently establishes criminal agency.'").

Collins argues that criminal agency was not proven because the medical examiner did not offer testimony regarding the consistency between the victim's wounds and the specific gun attributed to Collins. But "[t]he suspect's identity is not a component of the corpus delicti." *Parks v. State*, 884 So. 2d 738, 742 (Miss. 2004) (citing *Poole*, 150 So. 2d at 431)[6]. Regardless, ample other evidence connected Collins and the gun to the victim's death. The evidence at trial revealed that Collins knew the victim, and a phone number being used by Collins made numerous calls to her on the night of December 7, 2011. [5-3], pp. 85-87, 105-09. A witness near the scene of the murder testified hearing three gunshots and seeing a man in a dark gray or blue sweater flee the area. [5-2], pp. 101-04. Collins' brother testified that Collins came to his apartment sometime around the same night sounding distraught and wearing a gray hoodie. [5-3], pp. 70, 79. Another witness testified that he gave Collins a .40 caliber Hi-Point pistol three weeks before the murder. *Id.* at 7-8. Collins' father testified that sometime within the timeframe of the murder, Collins and his brother visited Collins' father's home. *Id.* at 42-43. They had a bag that Collins' father claimed felt "weighty," and the father told Collins and his brother that "whatever this is, you need to get away from the

---

[6] Indeed—arguably—Collins' argument that the medical examiner failed to link the alleged murder weapon to the bullet wounds is not a corpus delicti claim at all, but merely a rehash of Collins' arguments in Ground One that the State failed to connect Collins to the gun or the murder beyond a reasonable doubt. Either way, Collins' claims fail under the *Jackson* sufficiency-of-the-evidence standard.

house." *Id.* at 43, 47. Collins' brother testified that after talking with Collins' father, they drove on Highway 59, stopped, and Collins got out "probably" to dispose of the bag. *Id.* at 65-66. Collins' brother later led police to the place in the woods where Collins had stopped, and police recovered a plastic bag with a hoodie and a .40 Caliber Hi-Point pistol inside. *Id.* at 110; [5-4], pg. 20. The witness who gave Collins his gun identified the pistol recovered by the police as the same gun. [5-3], pg. 8. The witness who observed a man fleeing the scene in a dark hoodie testified that the hoodie the police recovered with the gun was "similar" to the one he saw the night of the murder. [5-2], pg. 104. Additionally, police recovered a .40 caliber shell casing near the victim's body. [5-3], pg. 24. A forensic expert testified that this shell casing was fired from the same Hi-Point pistol found in the woods where Collins stashed the bag. [5-4], pg. 22.

Collins appears to assert that the State could not meet their burden to prove criminal agency unless the medical examiner testified that the victim's bullet wounds were caused by a .40 caliber pistol. But "[n]either an autopsy nor medical evidence is required to establish the *corpus delicti*." *Hopson v. State*, 615 So. 2d 576, 579 (Miss. 1993) (citing *Miskelley v. State*, 480 So. 2d 1104, 1107 (Miss. 1985). "Further, a sufficiency-of-the-evidence claim may be resolved based on circumstantial evidence." *Taylor v. Scott*, 48 F.3d 529 (5th Cir. 1995) (citing *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir.), *cert. denied*, 498 U.S. 903, 111 S. Ct. 265, 112 L. Ed. 2d 221 (1990)). The evidence at trial sufficiently proved the corpus delicti, *i.e.* the death of the victim and criminal agency. And Collins has not met his burden to show that no rational juror could connect Collins to the pistol found in the woods and to the victim's murder based on the evidence presented. Collins' objection to the Report and Recommendation's determination of Ground Two is overruled. Ground Two of Collins' petition is denied.

### 3. Grounds Three and Four

In Ground Three, Collins argues that, presuming this Court agreed with his Petition and granted habeas corpus relief based on insufficiency of the evidence, any future re-trial by the State should be banned by the Double Jeopardy Clause. He concedes that his retrial in 2016 did not implicate the Double Jeopardy Clause. [1], pg. 8. Magistrate Judge Isaac found that this claim is "too speculative and premature to support a collateral attack on his conviction." [9], pg. 16. Collins has not objected to Magistrate Judge Isaac's recommendation regarding this claim. The Court finds that the Report and Recommendation's findings regarding Ground Three of Collins' petition are without clear error and not contrary to law. Ground Three is denied.

In Ground Four, Collins challenges his sentence to life imprisonment without parole based on Mississippi's habitual offender statute. First, he argues that his sentence violates the Supreme Court's holding in *Miller v. Alabama*, 567 U.S. 460, 465, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012), that mandatory life without parole for defendants under the age of eighteen violates the Eighth Amendment. Magistrate Judge Isaac found this argument without merit because Collins was twenty-six years old when he committed the murder and over eighteen when he committed the other prerequisite felonies. Second, Collins argues that Mississippi's habitual offender statute is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) because it allows for a sentencing enhancement without a jury determination. Magistrate Judge Isaac rejected this argument because the Court in *Apprendi* and *Blakely* did not preclude judicial determinations of the fact of prior convictions for sentencing enhancements. *See Apprendi*, 530 U.S. at 490; *Blakely*, 542 U.S. at 301. Collins did not object to the Report and Recommendation's

findings on Ground Four. Magistrate Judge Isaac's determinations regarding Collins' sentence are without clear error and not contrary to law. Accordingly, Ground Four of Collins' petition is denied.

## V. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Report and Recommendation [9] entered by United States Magistrate LaKeysha Greer Isaac is ADOPTED as the opinion of the Court.

IT IS FURTHER ORDERED AND ADJUDGED that the Petition for Writ of Habeas Corpus [1] filed by Jairus Collins is DENIED, and this action is DISMISSED WITH PREJUDICE.

SO ORDERED AND ADJUDGED, this the 28th day of February, 2022.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE